IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE NIELSEN COMPANY (US), LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-1346-RGA |
| | ) |
| TVISION INSIGHTS, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant TVision Insights, Inc. ("TVision"), by and through counsel, demands a trial by jury on all issues so triable and answers the Complaint for Patent Infringement filed by Plaintiff The Nielsen Company (US), LLC ("Nielsen") as follows:

## NATURE OF THE ACTION

1. TVision admits that this purports to be an action for patent infringement brought against TVision for alleged infringement of United States Patent No. 11,798,030 ("the '030 patent"). To the extent that this paragraph alleges that TVision has infringed any valid and enforceable claims of the '030 patent, TVision denies those allegations.

## PARTIES

2. TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and on that basis denies the allegations.

3. TVision admits that TVision Insights, Inc. is organized and existing under the laws of the State of Delaware.

1

## JURISDICTION AND VENUE

4. TVision admits that this purports to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*. TVision further admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) inasmuch as the Complaint purports to state claims for patent infringement arising under the patent laws of the United States.

5. TVision admits that this Court has personal jurisdiction over it, and that TVision is a corporation organized and existing under the laws of the State of Delaware. TVision admits that it has a registered agent in Delaware—The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801. The remaining allegations of paragraph 5 set forth legal conclusions and questions of law regarding personal jurisdiction to which no response is required. To the extent a response is required, such allegations are denied.

6. TVision admits that venue is proper in this Judicial District.

## FACTUAL BACKROUND

7. TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and on that basis denies the allegations.

8. TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and on that basis denies the allegations.

9. TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and on that basis denies the allegations.

10. TVision lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and on that basis denies the allegations.

## THE ASSERTED PATENT

11.  TVision admits that the '030 patent on its face is entitled "Methods and Apparatus for Wireless Communication with an Audience Measurement Device," and further admits that what appears to be a copy of the '030 patent is attached to the Complaint as Exhibit A. TVision denies the remaining allegation in paragraph 11.

12.  TVision admits that the '030 patent on its face lists certain information regarding the filing date and application numbers. TVision lacks knowledge or information sufficient to form a belief as to whether such information is accurate, and therefore denies those allegations.

13.  TVision admits that the '030 patent on its face lists "The Nielsen Company (US), LLC" as the assignee, but denies that the '030 patent is valid and enforceable.

14.  TVision denies the characterizations in paragraph 14 of the '030 patent.

15.  TVision denies the characterizations in paragraph 15 of the '030 patent.

16.  TVision denies the characterizations in paragraph 16 of the '030 patent.

17.  TVision denies the characterizations in paragraph 17 of the '030 patent.

18.  TVision denies the characterizations in paragraph 18 of the '030 patent.

19.  TVision admits that what appears to be a copy of the declaration of Paul Martin ("Martin Decl.") is attached as Exhibit B, but denies any remaining allegations in this paragraph and denies the statements made in the Martin Decl.

20.  TVision denies the characterizations in paragraph 20 of the '030 patent.

21.  TVision denies the characterizations in paragraph 21 of the '030 patent.

22.  TVision denies the characterizations in paragraph 22 of the '030 patent.

23.  TVision denies the characterizations in paragraph 23 of the '030 patent.

24.  TVision denies the characterizations in paragraph 24 of the '030 patent.

25. TVision denies the characterizations in paragraph 25 of the '030 patent.

26. TVision denies the characterizations in paragraph 26 of the '030 patent.

27. TVision denies the characterizations in paragraph 27 of the '030 patent.

28. TVision denies the characterizations in paragraph 28 of the '030 patent.

29. TVision denies the characterizations in paragraph 29 of the '030 patent.

30. TVision denies the characterizations in paragraph 30 of the '030 patent.

31. TVision denies the characterizations in paragraph 31 of the '030 patent.

32. TVision denies the characterizations in paragraph 32 of the '030 patent.

33. TVision denies the characterizations in paragraph 33 of the '030 patent.

## **THE INFRINGING APPARATUS AND MMETHOD**

34. TVision admits that it is a data and analytics company and that the quoted language in paragraph 40 appears in the documents attached as Exhibit C and Exhibit D to the Complaint. TVision denies the remaining characterizations and interpretations of the documents cited. Except as herein expressly admitted, TVision denies the allegations of paragraph 34.

35. TVision denies the characterizations of the documents cited in paragraph 35, and denies the paragraph as a whole is a full and accurate description of TVision, and thus denies the remaining allegations of paragraph 35.

36. TVision denies the characterizations and allegations in paragraph 36.

37. TVision denies the characterizations and allegations in paragraph 37.

38. TVision denies the characterizations and allegations in paragraph 38.

39. TVision denies the characterizations and allegations in paragraph 39.

40. TVision denies the characterizations and allegations in paragraph 40.

41. TVision denies the characterizations and allegations in paragraph 41.

42. TVision denies the characterizations and allegations in paragraph 42.

43. TVision denies the characterizations and allegations in paragraph 43.

44. TVision denies the characterizations and allegations in paragraph 44.

45. TVision denies the characterizations and allegations in paragraph 45.

46. TVision denies the characterizations and allegations in paragraph 46.

47. TVision denies the characterizations and allegations in paragraph 47.

48. TVision denies the characterizations and allegations in paragraph 48.

49. TVision denies the characterizations and allegations in paragraph 49.

50. TVision denies the characterizations and allegations in paragraph 50.

51. TVision denies the characterizations and allegations in paragraph 51.

52. TVision denies the allegations of paragraph 52.

53. TVision denies the allegations of paragraph 53.

## COUNT 1 – INFRINGEMENT OF THE '030 PATENT

54. TVision incorporates by reference its responses to paragraphs 1–53.

55. TVision denies the allegations in paragraph 55.

56. TVision denies the allegations in paragraph 56.

57. TVision denies the allegations in paragraph 57.

58. TVision denies the allegations in paragraph 58.

59. TVision denies the allegations in paragraph 59.

60. TVision denies the allegations in paragraph 60.

## PRAYER FOR RELIEF AS TO COMPLAINT

These paragraphs set forth the relief requested by Nielsen to which no response is required.

TVision denies any allegations contained in the Prayer for Relief to which response is required.

TVision denies that Nielsen is entitled to any relief requested in its Prayer for Relief in its Complaint, and further specifically denies that Nielsen is entitled to any relief whatsoever of any kind against TVision.  TVision denies each and every allegation of Nielsen's Complaint not specifically admitted or otherwise responded to above.  TVision specifically denies that it has infringed or is liable for infringement of any valid and enforceable patent claims by Nielsen.

WHEREFORE, TVision respectfully requests that the Court enter judgment in TVision's favor and against Nielsen on all of Nielsen's claims; that the Court declare that the '030 patent is invalid, and not infringed by TVision; that the Court award TVision its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and that the Court award TVision such other relief as the Court deems appropriate.

## EXCEPTIONAL CASE

On information and belief, this is an exceptional case entitling TVision to an award of its attorneys' fees incurred in connection with defending this action pursuant to 35 U.S.C. § 285, as a result of, inter alia, Nielsen's assertion of the '030 patent against TVision with the knowledge that TVision does not infringe any valid or enforceable claim of the '030 patent and/or that the '030 patent is invalid and/or unenforceable.

## DEMAND FOR JURY TRIAL

Nielsen's demand for a trial by jury does not require a response.  TVision demands a jury trial for all issues so triable.

## AFFIRMATIVE DEFENSES

Subject to the responses above, TVision alleges and asserts the following defenses in response to Nielsen's allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  All

defenses are pled in the alternative and do not constitute an admission of liability or that Nielsen is somehow entitled to any relief whatsoever.  In addition to the defenses listed below, TVision specifically reserves all rights under the Federal Rules of Civil Procedure to assert additional defenses and/or counterclaims that may become known through the course of discovery or otherwise during the course of these proceedings.

**FIRST DEFENSE**
(NONINFRINGEMENT OF THE PATENT)

TVision has not infringed and does not infringe any valid, enforceable claim of the '030 patent, literally or under the doctrine of equivalents, indirectly, willfully, alone or jointly with third parties.

**SECOND DEFENSE**
(INVALIDITY)

One or more of the claims of the '030 patent are invalid and unenforceable for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, because the claims are directed to abstract ideas or other non-statutory subject matter, because the claims lack novelty, and are taught or suggested by the prior art, and because the claims suffer from a failure of written description, lack of enablement, and claim indefiniteness.

**THIRD DEFENSE**
(LIMITATION ON DAMAGES)

Nielsen's damages are limited or unavailable pursuant to 35 U.S.C. §§ 286, 287, and/or 288.

**FOURTH DEFENSE**
(NO INJUNCTIVE RELIEF)

Nielsen is not entitled to injunctive relief because it has an adequate remedy at law and, upon information and belief, otherwise cannot satisfy the requirements for injunctive relief.

**FIFTH DEFENSE**
(ACQUIESCENCE, ESTOPPEL, WAIVER, AND/OR LACHES)

The claims and relief sought by Nielsen in relation to the '030 patent are barred, in whole or in part, by the equitable doctrines of acquiescence, estoppel and/or prosecution history estoppel, waiver, and/or laches.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Andrew E. Russell |
|  | John W. Shaw (No. 3362) |
| OF COUNSEL: | Andrew E. Russell (No. 5382) |
| Jason Xu | Nathan R. Hoeschen (No. 6232) |
| RIMÔN LAW P.C. | SHAW KELLER LLP |
| 1990 K. Street, NW, Suite 420 | I.M. Pei Building |
| Washington, DC 20006 | 1105 North Market Street, 12th Floor |
| (202) 470-2141 | Wilmington, DE 19801 |
|  | (302) 298-0700 |
| Eric C. Cohen | jshaw@shawkeller.com |
| RIMÔN LAW P.C. | arussell@shawkeller.com |
| P.O. Box B113 | nhoeschen@shawkeller.com |
| 150 Fayetteville St, Suite 2800 | *Attorneys for Defendant TVision Insights, Inc.* |
| Raleigh, NC 27601-2960 |  |
| (984) 960-2860 |  |

Michael F. Heafey
RIMÔN LAW P.C.
800 Oak Grove Avenue, Suite 250
Menlo Park, CA 94025
(650) 461-4433

Dated: January 31, 2024